USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CONDUENT INCORPORATED STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-10964-MKV (consolidated with No. 1:21-cv-00239-MKV) |
| This Document Relates To:<br><br>    ALL ACTIONS. | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a consolidated derivative action entitled *In re Conduent Incorporated Stockholder Derivative Litigation*, Lead Case No. 1:20-cv-10964-MKV (the "Federal Action"), is pending in this Court;

WHEREAS, plaintiffs Jack Kiner and Kario-Paul Brown ("Plaintiffs") have moved, pursuant to Federal Rule of Civil Procedure 23.1 for an order: (i) preliminarily approving the settlement of the Derivative Matters, in accordance with a Stipulation of Settlement, dated February 16, 2022 (the "Stipulation" or "Settlement"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Actions with prejudice; and (ii) approving the dissemination of the Notice of Proposed Derivative Settlement and Summary Notice of Proposed Derivative Settlement;

WHEREAS, Clifford Elow and Eric Gilbert, plaintiffs in a shareholder derivative action captioned, *In re Conduent Incorporated Stockholder Derivative Litigation*, Lead Case No. 650903/2021, pending in New York Supreme Court, County of New York (the "State Action" and collectively with the Federal Action, the "Actions") are parties to the Stipulation and are also seeking preliminary approval of the Settlement;

WHEREAS, all capitalized terms contained herein shall have the meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Actions.

2. A hearing (the "Settlement Hearing") shall be held before this Court on  July 11 , 2022, at 10:30  a .m., either remotely or in person, and if in person at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, to determine whether the Settlement of the Derivative Matters on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Conduent Incorporated ("Conduent" or the "Company") and its stockholders and should be approved by the Court; whether the District Court Approval Order and Judgment as provided in ¶1.7 and ¶1.14 of the Stipulation should be entered herein; whether to award the Parties' separately negotiated attorneys' fees and expenses to Plaintiffs' Counsel; whether to grant service awards to Plaintiffs; and to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. The Court approves, as to form and content, the Notice of Proposed Derivative Settlement annexed as Exhibit A-1 hereto (the "Long-Form Notice") and the Summary Notice of Proposed Derivative Settlement annexed as Exhibit A-2 hereto (the "Short-Form Notice"), and finds that the publication of the Long-Form Notice, Short-Form Notice and Stipulation, substantially in the manner and form set forth in this Order, meeting the requirements of Federal

Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than ten (10) business days following entry of this Order, Conduent shall:

    a. cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit A-1 hereto, and the Stipulation to be filed with the U.S. Securities and Exchange Commission ("SEC") along with an SEC Form 8-K or other appropriate filing;

    b. create a link to the SEC filing on the Company's "Investor Relations" page of https://investor.conduent.com/, the address of which shall be contained in the Long-Form Notice and Short-Form Notice; and

    c. cause a copy of the Short-Form Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in *Investor's Business Daily*.

5. All costs incurred in the filing, publishing, and posting of the Long-Form Notice and the Short-Form Notice shall be paid by Conduent or its insurers, and Conduent shall undertake all administrative responsibility for such filing, publication, and posting.

6. Not later than thirty-five (35) days before the Settlement Hearing, Conduent's Counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, that it has complied with ¶4 above.

7. All Conduent stockholders as of the Record Date shall be bound by all orders, determinations, and judgments of the Court in the Actions concerning the Settlement, whether favorable or unfavorable to Conduent stockholders, as of the Approval Date.

8. Pending final determination by the Court of whether the Settlement should be approved, this Court preliminarily bars and enjoins Plaintiffs, all other stockholders, and the Company, on behalf of themselves, from commencing, instituting, filing, intervening in,

participating in (as a nominal defendant or otherwise), receiving any benefit from, or prosecuting any of the Released Claims against any of the Released Persons.  All proceedings and discovery in the Actions shall be stayed except as otherwise provided for in the Stipulation, and no party to the Actions or any Conduent stockholder shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons.

9.    All papers in support of the Settlement, any attorneys' fees and expenses and Plaintiffs' service awards shall be filed with the Court and served on or before 30 days before hearing, 2022 and any reply briefs shall be filed with the Court on or before 7 days before hearing, 2022.

10.    Any Conduent stockholder as of the Record Date may appear and show cause, if he, she, or it has any reason why the Settlement of the Derivative Matters, including the negotiated amount of attorneys' fees and expenses and Plaintiffs' service awards, should not be approved as fair, reasonable and adequate, or why the District Court Approval Order and Judgment should not be entered thereon, provided, however, that, unless otherwise ordered by the Court, no current Conduent stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the District Court Approval Order and the Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) calendar days before the Settlement Hearing, filed with the Clerk of the Court appropriate proof of Conduent stock ownership, along with written objections, including the basis therefore, and copies of any papers and brief in support thereof.  All written objections and supporting papers must be submitted to the Court either by mailing them to:

Clerk of the Court
United States District Court for the Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Or by filing them in person at any location of the United States District Court for the Southern District of New York to the extent the Court is open for in-person filings. All written objections must also be mailed to:

Plaintiffs' Counsel:

ROBBINS LLP
Craig W. Smith
5040 Shoreham Place
San Diego, CA 92122

KAHN SWICK & FOTI, LLC
Melinda A. Nicholson
1100 Poydras Street, Suite 3200
New Orleans, LA 70163

And

Counsel for Defendants Brian J. Webb-Walsh, Ashok Vemuri, William G. Parrett, Paul S. Galant, Vincent J. Intrieri, Courtney R. Mather and Michael A. Nutter:

KING & SPALDING LLP
Israel Dahan
Warren Pope
1185 Avenue of the Americas, 34th Floor
New York, NY 10036

Counsel for Nominal Defendant Conduent Incorporated:

Nicole Bearce
100 Campus Dr., Suite 200
Florham Park, NJ 07932

Counsel for Demand Review Committee:

HOLLAND & KNIGHT LLP
Tracy Nichols
Louise McAlpin
Allison Kernisky

5

701 Brickell Avenue, Suite 3300
Miami, FL 33131

Any current Conduent stockholder who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and Plaintiffs' service awards, unless otherwise ordered by the Court, but shall otherwise be bound by the District Court Approval Order and the Judgment to be entered and the releases to be given.

11. Any attorney hired by a stockholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of the Court no later than twenty-one (21) calendar days before the Settlement Hearing.

12. Plaintiffs' Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

13. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or documented executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing, or liability of the Released Persons or Conduent; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or Conduent in any civil, criminal, or administrative or other proceeding in any court, administrative agency, tribunal or other forum.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to

enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court reserves the right to change the date of, or platform used for (*i.e.* in person, telephonically, or via video), the Settlement Hearing or to modify any other dates set forth herein without further notice to Conduent stockholders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Conduent stockholders.

IT IS SO ORDERED.

DATED: __May 25, 2022__          _____*Mary Kay Vyskocil*_____
                                 HONORABLE MARY KAY VYSKOCIL
                                 UNITED STATES DISTRICT JUDGE